IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMANDA WILCOX, Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SEVEN SPORTS BAR & LOUNGE, LLC and Ernest Earvin, III, Jointly and Severally,<br><br>Defendants. | Case No. _____ |

## COLLECTIVE ACTION COMPLAINT
**(Jury Trial Demanded)**

Plaintiff, individually and on behalf of all others similarly situated, on personal knowledge and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. Defendants own and operate a bar and restaurant called Seven Sports Bar & Lounge, LLC (hereinafter "Seven Sports Bar").

2. Plaintiff worked in Defendants' company as a waitress and bartender.

3. Throughout Plaintiff's employment, Plaintiff received no minimum wages and overtime wages.

4. Plaintiff brings this action on behalf of herself, and all other similarly situated employees of Defendants, to recover unpaid overtime premium pay, owed to them pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, and supporting regulations.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 a substantial part of the events or omissions giving rise to Plaintiff's claims occurred at Defendants' business located at 3570 Highway 138, S.E., Stockbridge, Georgia 30281 (the "Business Address"), Henry County, which is in the Northern District of Georgia. Additionally, Defendant Seven Sports Bar is registered with the Georgia Secretary of State as a Domestic Limited Liability Company, and it lists its principal office address as the Business Address. Therefore, venue is proper in the Atlanta division

of the Northern District of Georgia.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

8. Amanda Wilcox, was at all relevant times, an adult individual residing at 418 Tina Haley Ct., Stockbridge, Georgia 30281, which is in Henry County.

**Defendants:**

9. Seven Sports Bar is an active Georgia limited liability company. Its principal place of business is: 3570 Highway 138, S.E., Stockbridge, Georgia 30281, Henry County.

10. Ernest Earvin, III, upon information and belief is an owner, officer, director and/or managing agent of Seven Sports Bar. Mr. Earvin's address is unknown at this time.

11. Mr. Earvin participated in the day-to-day operations of Seven Sports Bar, and acted intentionally and maliciously. The Individual Defendant is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and the regulations

promulgated under 29 C.F.R. § 791.2, and is jointly and severally liable with Seven Sports Bar.

12. Upon information and belief, Mr. Earvin jointly set the unlawful payroll policies complained of in this complaint for Seven Sports Bar.

13. At all relevant times, Defendants listed in this complaint have been employers of Plaintiff, and/or joint employers within the meaning of the FLSA.

14. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

15. Additionally, upon information and belief, at all relevant times, Defendants have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, in that they operate a bar and restaurant that sells alcohol, such as beer and liquor, manufactured outside of Georgia. Additionally, Defendants have engaged in interstate commerce by utilizing national food delivery services such as Uber Eats, which they use to take online food and drink orders from the public.  Lastly, Defendants operate another location of Seven Sports Bar outside of Georgia, in places such as Columbia, South Carolina, which affects interstate commerce. Thus, Defendants have engaged in interstate

commerce within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

## STATEMENT OF FACTS

16.  At all relevant times, Defendants have operated Seven Sports Bar—a bar and restaurant, in which Plaintiff was employed.

17.  Plaintiff was employed by Defendants as a waitress and bartender from approximately October 2017 to October 16, 2023.

18.  As a waitress, Plaintiff's job duties included: taking customers' orders, bringing food and drinks to customers, providing hookah for customers to smoke, and cleaning tables and the Seven Sports Bar location in general.

19.  As a bartender, Plaintiff's job duties included: taking customers' orders, making drinks, cleaning the bar, and obtaining liquor from the stock room of Seven Sports Bar.

20.  Plaintiff was paid no wages whatsoever by Defendants throughout her employment.

21.  Plaintiff's only earnings were tips that she received from customers at Seven Sports Bar.

22.  Plaintiff typically worked 12 hours each day, four days a week, from 3 p.m. to

3 a.m.

23. On average, Plaintiff worked 45 hours each week.

24. Defendants made illegal deductions to Plaintiff's pay, by requiring "cleaning fees" of $25-75 each week to clean Seven Sports Bar, which amounts to an illegal kickback.

25. Defendants would also assess Plaintiff with illegal "fines" for her conduct, such as being late, during times when Defendants had not paid minimum wages to Plaintiff. These fines also amount to an illegal kickback.

26. In lieu of paying the $25-75 cleaning fee, during hours when Seven Sports Bar was not operating, Plaintiff would be required to clean Seven Sports Bar for several hours each week.

27. If Plaintiff did not clean Seven Sports Bar as instructed, or failed to pay the $25-75 cleaning fee, Defendants would refuse to put her on the schedule for the following week. Plaintiff was paid no wages whatsoever for all time she spent cleaning Seven Sports Bar, as she worked completely for tips from customers.

28. As a result of paying Plaintiff no wages, Defendants have failed to pay Plaintiff minimum wages for all hours worked.

29. Additionally, Defendants failed to pay Plaintiff time-and-a-half overtime wages for all hours worked in excess of 40 hours.

30. Defendants also failed to display a FLSA poster at Seven Sports Bar, advising Plaintiff and similarly situated workers of their rights to minimum wages and overtime wages.

31. This failure to pay minimum wages and overtime premium wages can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## FLSA COLLECTIVE ACTION ALLEGATIONS

32. Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiff brings her First Cause of Action as a collective action under the FLSA, on behalf of herself and the following collective:

> All persons employed by Defendants, at any time from November 17, 2020 to November 17, 2023, through the entry of judgment in this case (the "Collective Action Period"), who worked as waitresses, bartenders, and all other tipped workers who were not paid minimum wages and overtime wages (the "Collective Action Members").

33. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay a minimum wages and overtime wages

for work performed in excess of 40 hours per week. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required minimum wages of $2.13 per hour, and overtime premium payments for all hours worked in excess of 40 hours per week.

34. The exact number of employees who have suffered the same wage injuries as Plaintiff are unknown at this time.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGES

35. Plaintiff, on behalf of herself, and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

36. As a result of Defendants' failure to pay Plaintiff and the Collective Action Members minimum wages at a rate of $2.13 per hour, Defendants have violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 206(a)(1) and 215(a), for which Plaintiff and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. § 216(b).

37. Defendants' failure to pay minimum wages to these hourly employees

constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

38. The failure to pay overtime has caused Plaintiff to suffer lost wages and interest thereon. Plaintiff and Collective Action Members are entitled to recover from Defendants their unpaid minimum wages compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

36. Plaintiff, on behalf of herself, and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

39. As a result of Defendants' failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiff and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. § 216(b).

40. Defendants' failure to pay overtime wages to these hourly employees constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

41. The failure to pay overtime has caused Plaintiff to suffer lost wages and interest thereon. Plaintiff and Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Therefore, Plaintiff respectfully requests that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA;

c. An award of unpaid minimum wages;

d. An award of unpaid overtime wages due under the FLSA;

e. An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages;

f. An award of prejudgment and post-judgment interest;

g. An award of costs and expenses of this action together with attorney's fees;

h. Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: November 17, 2023

                Respectfully submitted,

                **s/ Brandon A. Thomas**
                **BRANDON A. THOMAS**
                **GA BAR NO.: 742344**
                The Law Offices of Brandon A. Thomas, PC
                1 Glenlake Parkway, Suite 650
                Atlanta, GA 30328
                Tel: (678) 862-9344
                Fax: (678) 638-6201
                brandon@overtimeclaimslawyer.com